IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:01-CR-17-BO
No. 2:12-CV-39-BO

THEODORE LEON OVERTON,          )
                  Petitioner,   )
        v.                      )          ORDER
                                )
UNITED STATES OF AMERICA        )
                  Respondent.   )

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct

sentence pursuant to 28 U.S.C. § 2255. In his motion, petitioner, Mr. Overton, contends that he

should be resentenced in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc).

The government has moved to dismiss Mr. Overton's motion to vacate, and Mr. Overton has failed

to respond to the motion to dismiss.

## BACKGROUND

Mr. Overton was sentenced by this Court on March 14, 2002, to a term of 200 months'

imprisonment following his plea of guilty to a charge of distribution of not less than fifty grams

of cocaine base and aiding and abetting in violation of 21 U.S.C. § 841(a)(1). Mr. Overton did

not file a direct appeal. Mr. Overton filed the instant § 2255 motion with the Court on June 28,

2012.

## DISCUSSION

In its motion to dismiss, the government contends, *inter alia*, that Mr. Overton's motion

is untimely. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four

triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an

impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4).

Mr. Overton's petition was filed well-beyond one year from the date his judgment became final, and is therefore untimely under § 2255(f)(1). *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (date conviction becomes final for defendant who does not file a direct appeal is the date the district court entered judgment). Mr. Overton's motion is also untimely under § 2255(f)(3), as the rule announced in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), upon which the *Simmons* court and therefore Mr. Overton's § 2255 petition must rely to be deemed timely, is procedural and is not retroactively applicable to cases on collateral review. *United States v. Powell*, 691 F.3d 554, 560 (4th Cir. 2012).

Nor is Mr. Overton's petition timely under § 2255(f)(4). Although "facts" in this context have been held to include court rulings and the legal consequences of known facts, *Johnson v. United States*, 544 U.S. 295, 308-09 (2005), the court ruling or legal consequence must have occurred in the petitioner's *own case*; in other words, court decisions that clarify the law as opposed to the facts supporting a particular petitioner's habeas claim may not serve as triggering events for purposes of the one-year limitations period. *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005); *see also Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007). Mr. Overton has pointed to no court order entered in his own case or other newly discovered fact that might serve as a basis for triggering the limitations period under § 2255(f)(4).

As the Court is unaware of any other basis upon which to find the petition timely under

2

the remaining provision of § 2255(f),[1] the Court holds that Mr. Overton's petition is untimely. Additionally, there is no basis upon which to find that equitable tolling of the statute of limitations would apply. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). In order for equitable tolling to apply, Mr. Overton must present extraordinary circumstances beyond his control that prevented him from filing his petition within the applicable time period, *Id.*, and a gross injustice must result from the Court's refusal to allow the tolling of the statute of limitations period. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Because, as discussed below, Mr. Overton would not be entitled to relief on the instant petition, the Court finds that equitable tolling should not apply.

Mr. Overton's *Simmons* claim relates only to a 1999 conviction in the Superior Court for Pasquotank County, North Carolina. However, as that conviction was not scored in Mr. Overton's presentence report, it was not used in support of any enhancement to his sentence [DE 25]. Accordingly, Mr. Overton would not be entitled to any relief even if *Simmons* were deemed to apply, and the Court dismisses Mr. Overton's petition as untimely.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas

---

[1]Mr. Overton does not contend that the government imposed any impediment that prevented him from filing on time. 28 U.S.C. § 2255(f)(2).

3

petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 23] is GRANTED

4

and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 14] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this ____ day of November, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE